IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00101-MEH

JONATHAN BOYD and
JAMI LARSON,

    Plaintiffs,

vs.

MONTEZUMA COUNTY SHERIFF'S OFFICE,
DENNIS SPRUELL, individually and in his capacity as Sheriff of Montezuma County, and
ADAM ALCON, individually and in his capacity as an employee of the Montezuma County
Sheriff's Office,

    Defendants.
_____

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
_____

    Defendants, MONTEZUMA COUNTY SHERIFF'S OFFICE, DENNIS SPRUELL, individually and in his capacity as Sheriff of Montezuma County, and ADAM ALCON, individually and in his capacity as an employee of the Montezuma County Sheriff's Office, hereby submit their Answer to Plaintiff's Amended Complaint and Jury Demand (hereinafter "Complaint"). Any allegations not specifically admitted herein are denied.

### I. PARTIES, STANDING, RIPENESS, JURISDICTION AND VENUE

    1.    Defendants are without knowledge as to the allegations contained in paragraph 1 of Plaintiffs' Complaint and therefore deny the same.

    2.    Defendants admit the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. With respect to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendants deny that the Montezuma County Sheriff's Office is a body politic. Defendants admit that the Sheriff of Montezuma County, in his official capacity, employs, through funding by the Montezuma County Board of County Commissioners, deputies who are certified under Colorado law, as "peace officers."

4. With respect to the allegations contained in paragraph 4 of Plaintiffs' Complaint, Defendants admit that, at the time of the events giving rise to Plaintiffs' Complaint, Defendant Spruell was the elected Sheriff of Montezuma County, Colorado, and invested with all powers of a county sheriff under Colorado law. Defendants affirmatively assert that Defendant Spruell is no longer the elected Sheriff of Montezuma County. Defendants otherwise deny all remaining allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. With respect to the allegations contained in paragraph 6 of Plaintiffs' Complaint, Defendants assert that such allegations set forth improper comments as to settlement and otherwise set forth legal conclusions and do not require a response. To the extent such allegations are deemed to require a response, Defendants deny the same.

7. With respect to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendants deny that they deprived Plaintiffs of any rights or privileges secured by the United States Constitution or otherwise. Defendants admit that jurisdiction and venue were proper in Montezuma County but assert that the action has since been

properly removed to the United States District Court for the District of Colorado. Defendants otherwise deny all remaining allegations contained in paragraph 7.

8. With respect to the allegations contained in paragraph 8 of Plaintiffs' Complaint, Defendants assert that such allegations set forth legal conclusions and do not require a response. To the extent such allegations are deemed to require a response, Defendants deny the same.

## II. GENERAL ALLEGATIONS

9. With respect to the allegations contained in paragraph 9 of Plaintiffs' Complaint, Defendants admit that, on June 10, 2013, at approximately 12:30 p.m., Plaintiffs were traveling south in the 6000 block of Highway 160 in Montezuma County, Colorado, south of the City of Cortez, and that Plaintiff Larson was driving and Plaintiff Boyd was in the front passenger seat. Defendants are otherwise without knowledge as to the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint and therefore deny the same.

10. With respect to the allegations contained in paragraph 10 of Plaintiffs' Complaint, Defendants admit that Defendant Alcon was patrolling in the 6000 block of Highway 160 in Montezuma County, Colorado, while in the course and scope of his employment with the Montezuma County Sheriff's Office, when he observed a white SUV traveling south and that he contacted that vehicle in the parking lot of Redburn Tire, also located in the 6000 block of Highway 160. Defendants otherwise deny all remaining allegations contained in paragraph 10.

11. With respect to the allegations contained in paragraph 11 of Plaintiffs' Complaint, Defendants admit that Defendant Alcon made contact with Plaintiffs by getting out of his vehicle and walking to their vehicle. Defendants otherwise deny all remaining allegations contained in paragraph 11.

12. With respect to the allegations contained in paragraph 12 of Plaintiffs' Complaint, Defendants admit that Defendant Alcon requested Plaintiff Larson's driver's license, registration, and proof of insurance. Defendants further admit that Plaintiff Boyd became agitated during the stop. Defendants otherwise deny all remaining allegations contained in paragraph 12.

13. With respect to the allegations contained in paragraph 13 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson told Defendant Alcon that Plaintiff Boyd had issues with Post Traumatic Stress Disorder and admit that Plaintiff Larson was permitted to exit the vehicle. Defendants further admit that Defendant Alcon asked Plaintiff Larson if there were any weapons in the vehicle and Plaintiff Larson stated that a .40 caliber Glock handgun was in the vehicle. Defendants further admit that Defendant Alcon asked Plaintiff Larson whether she or Plaintiff Boyd had any convictions that would prevent them from possessing weapons. Defendants otherwise deny all remaining allegations contained in paragraph 13.

14. With respect to the allegations contained in paragraph 14, Defendants admit that, during the contact, Plaintiff Boyd exited the vehicle. Defendants otherwise deny all remaining allegations contained in paragraph 14.

15. With respect to the allegations contained in paragraph 15, Defendants admit that, after Plaintiff Boyd stepped out of the vehicle, Plaintiff Larson stepped between Plaintiff Boyd and Defendant Alcon. Defendants affirmatively assert that Plaintiffs ignored verbal commands given to them by Defendant Alcon and admit that Defendant Alcon removed his ECD from its holster. Defendants otherwise deny all remaining allegations contained in paragraph 15.

16. With respect to the allegations contained in paragraph 16 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson stepped between Plaintiff Boyd and Defendant Alcon. Defendants affirmatively assert that Plaintiff Larson ignored verbal commands given to her by Defendant Alcon and that Plaintiff Larson placed her hand on Defendant Alcon's chest and assert that, following this contact, Defendant Alcon used a straight arm bar takedown and escorted Plaintiff Larson to the ground. Defendants otherwise deny all remaining allegations contained in paragraph 16.

17. With respect to the allegations contained in paragraph 17 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson was placed under arrest. Defendants affirmatively assert that Plaintiff Larson ignored Defendant Alcon's verbal commands and continued to resist his efforts to gain her compliance. Defendants otherwise deny all remaining allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. With respect to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson was arrested. Defendants affirmatively

assert that Plaintiff Larson ignored Defendant Alcon's verbal commands and continued to resist his efforts to gain her compliance. Defendants otherwise deny all remaining allegations contained in paragraph 19.

20. With respect to the allegations contained in paragraph 20 in Plaintiffs' Complaint, Defendants admit that Plaintiff Boyd was arrested and taken to the Montezuma County Jail. Defendants otherwise deny all remaining allegations contained in paragraph 20.

21. Defendants are without knowledge as to the allegations contained in paragraph 21 of Plaintiffs' Complaint and therefore deny the same.

22. With respect to the allegations contained in paragraph 22 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson was taken to the Montezuma County Jail. Defendants are otherwise without knowledge to the remaining allegations contained in paragraph 22 and therefore deny the same.

23. Defendants admit the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. With respect to the allegations contained in paragraph 25 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson was booked into the Montezuma County Jai. Defendants otherwise deny all remaining allegations contained in paragraph 25.

26. With respect to the allegations contained in paragraph 26 of Plaintiffs' Complaint, Defendants admit that Plaintiff Larson was booked into the Montezuma County

Jail. Defendants are otherwise without knowledge as to all remaining allegations in paragraph 26 and therefore deny the same.

27. With respect to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Defendants admit that Plaintiff Boyd was booked into the Montezuma County Jail. Defendants otherwise deny all remaining allegations in paragraph 27.

28. With respect to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendants admit that the District Attorney for the 22nd Judicial District of the State of Colorado dismissed the charges against Plaintiffs. Defendants otherwise deny all remaining allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. With respect to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Defendants admit that the Montezuma County Sheriff's Office does not operate the Southwest Regional Law Enforcement Academy program conducted through Pueblo County Community College. Defendants deny all remaining allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. With respect to the allegations contained in paragraph 34 of Plaintiffs' Complaint, Defendants admit that an individual named Robin Cronk had been employed at one time by the Montezuma County Sheriff's Office. Defendants otherwise deny all remaining allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. With respect to the allegations contained in paragraph 37 of Plaintiffs' Complaint, Defendants admit that an individual named Darrin Harper had been employed at one time by the Montezuma County Sheriff's Office. Defendants otherwise deny all remaining allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. With respect to the allegations contained in paragraph 46 of Plaintiffs' Complaint, Defendants admit that Plaintiffs' counsel sent a letter to Defendant Spruell and the Montezuma County Board of County Commissioners dated February 10, 2014, regarding the events giving rise to Plaintiffs' Complaint. Defendants otherwise deny all remaining allegations contained in paragraph 46.

### III. FIRST CLAIM FOR RELIEF (USE OF EXCESSIVE FORCE)
### (Fourth and Fourteenth Amendment Violations Under 42 U.S.C.A. § 1983 - Defendant Alcon)

47. Defendants incorporate their responses to paragraphs 1 through 46 of Plaintiffs' Complaint as though fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

## IV. SECOND CLAIM FOR RELIEF (UNLAWFUL ARREST)
### (Fourth and Fourteenth Amendment Violations Under 42 U.S.C.A. § 1983 - Defendant Alcon)

51. Defendants incorporate their responses to paragraphs 1 through 50 of Plaintiffs' Complaint as though fully set forth herein.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiffs' Complaint.

## V. THIRD CLAIM FOR RELIEF (MALICIOUS PROSECUTION)
### (Fourth and Fourteenth Amendment Violations Under 42 U.S.C.A. § 1983 - Defendant Alcon)

55. Defendants incorporate their responses to paragraphs 1 through 54 of Plaintiffs' Complaint as though fully set forth herein.

56. With respect to the allegations contained in paragraph 56 of Plaintiffs' Complaint, Defendants admit that Defendant Alcon was in the course and scope of his employment with the Montezuma County Sheriff's Office at the time of the events giving rise to Plaintiffs' Complaint and determined to arrest Plaintiffs. Defendants otherwise deny all remaining allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. With respect to the allegations contained in paragraph 58 of Plaintiffs' Complaint, Defendants admit that the District Attorney for the 22nd Judicial District of the State of Colorado dismissed the charges against Plaintiffs. Defendants otherwise deny all remaining allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

**VI. FOURTH CLAIM FOR RELIEF (CUSTOM OR PRACTICE AND FAILURE TO TRAIN AND SUPERVISE) (Fourth and Fourteenth Amendment Violations Under 42 U.S.C.A. § 1983 - Defendant Spruell, Individually, and Montezuma County Sheriff's Office)**

60. Defendants incorporate their responses to paragraphs 1 through 59 of Plaintiffs' Complaint as though fully set forth herein.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. With respect to the allegations contained in paragraph 62 of Plaintiffs' Complaint, Defendants admit that Defendant Spruell was, at the time of the events giving rise to Plaintiffs' Complaint, the elected head of the Montezuma County Sheriff's Office and invested with all powers of a county sheriff under Colorado law. Defendants affirmatively assert that Defendant Spruell is no longer the elected Sheriff of Montezuma County. Defendants otherwise deny all remaining allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Defendants allege that Plaintiffs have failed to state a claim against them for which relief can be granted.

2. Defendants allege that the sole proximate cause of the injuries and/or damages alleged was due to the fault of Plaintiffs or that their fault contributed to the same. On a comparative basis, the fault of Plaintiffs far outweighs that of Defendants, whose fault is specifically denied.

3. Defendants allege that Plaintiffs have failed to reasonably mitigate their alleged damages.

4. Defendants allege that Plaintiffs' damages, if any, are not to the extent and nature alleged.

5. Defendants allege that Plaintiffs' claims are barred as, at all times relevant to Plaintiff's Complaint, individual defendants did not violate a clearly established statutory or constitutional right of Plaintiffs and, as a consequence, Plaintiffs' claims against these defendants are barred by the doctrine of official and/or qualified immunity.

6. Defendants allege that Plaintiffs' claims are barred as Defendant Alcon was statutorily privileged to detain Plaintiffs for investigation.

7. Defendants allege that Plaintiffs' claims are barred as Defendant Alcon was a peace officer privileged to arrest without a warrant and was otherwise privileged to exercise his legal rights to make such arrest and to use reasonable force as necessary to effect such arrest.

8. Defendants allege that Defendant Alcon acted in self-defense or in defense of another.

9. Defendants allege that there was probable cause to arrest Plaintiffs for the crimes charged or for an uncharged crime.

10. Defendants allege that Plaintiffs' claims are subject to reduction under the doctrine of set-off.

11. Defendants allege that Plaintiffs' claim for punitive or exemplary damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution; the Due Process clause of the Fourteenth Amendment to the United States

Constitution; the Equal Protection clause of the United States Constitution; and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

12. Defendants reserve the right to add or delete defenses as may be ascertained in the discovery process and as permitted by law and the rules of the Court.

WHEREFORE, having fully answered the allegations in Plaintiffs' Complaint, Defendants request that all of Plaintiffs' claims against them be dismissed, with prejudice, that they be awarded costs of defense, and any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants request trial to a jury on all issues herein.

Respectfully submitted,

Date: 02/17/2015

s/ Gordon L. Vaughan
Gordon L. Vaughan
    VAUGHAN & DeMURO
    111 South Tejon Street, Suite 545
    Colorado Springs, CO 80903
    (719) 578-5500 (phone)
    (719) 578-5504 (fax)
    vnd@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of February, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Douglas J. Reynolds**
drey@boppreynoldslaw.com

and I hereby certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

      s/ Gordon L. Vaughan
      Gordon L. Vaughan
          VAUGHAN & DeMURO
          111 South Tejon Street, Suite 545
          Colorado Springs, CO 80903
          719-578-5500 (phone)
          719-578-5504 (fax)
          vnd@vaughandemuro.com (e-mail)
     ATTORNEY FOR DEFENDANTS