IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00101-MEH

JONATHAN BOYD, and
JAMI LARSON,

      Plaintiffs,

v.

MONTEZUMA COUNTY SHERIFF'S OFFICE,
DENNIS SPRUELL, in his individual and official capacities as Sheriff of Montezuma County,
ADAM ALCON, in his individual and official capacities,

      Defendants.

---

## ORDER ON
## DEFENDANTS' MOTION FOR SEPARATE TRIALS (BIFURCATION)
## OF INDIVIDUAL AND *MONELL* CLAIMS
## AND
## DEFENDANTS' MOTION FOR PARTIAL STAY OF DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendants' Motion for Separate Trials (Bifurcation) of Individual and *Monell* Claims and Defendants' Motion for Partial Stay of Discovery [filed February 26, 2015; docket #19]. Defendants seek bifurcation of the individual liability claims against Defendant Alcon and the municipal liability claims. The motion is fully briefed. For the reasons set forth below, the Motion is **granted**.

## I.  STATEMENT OF FACTS

      A statement of facts is contained in my Order on Defendants' Motion for Partial Judgment on the Pleadings, which is issued contemporaneously with this order.

## II. LEGAL STANDARDS

Defendants adequately state the law under Fed. R. Civ. P. 42(b), which permits a court in its discretion to order a separate trial of one or more separate issues or claims. However, I note that of the ten separate considerations Defendants identify (Motion at 6), the Tenth Circuit's analysis focuses on three central elements. First, will there be convenience and economy? Second, are the issues separable? Third, will bifurcation be essentially unfair to one side? *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964-65 (10th Cir. 1993).

## III. DISCUSSION

Before I turn to the factors governing separate trials, I address a preliminary matter. The Tenth Circuit has issued conflicting orders on an issue that is central to my analysis of Defendants' motion. Specifically, Defendants argue that the municipality (or any Defendant who is sued in his official capacity) may be liable only if the officer involved in the underlying incident is liable for a constitutional violation. Thus, Defendants argue, if there is a trial against Defendant Alcon regarding the underlying incident, and there is a defense verdict, Plaintiffs have no municipal liability claim, and all of the effort that would have gone into discovery and trial of such a claim would be a waste of time and resources.

The Tenth Circuit's jurisprudence is not so clear. The majority of the cases appear to favor Defendants' position. One example is *Green v. Post*, 574 F.3d 1294 (10th Cir. 2009), a case in which both I and the defense attorneys here were involved. There, the court stated that because summary judgment would be granted to the individually named officer on the ground of qualified immunity, and because "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers," the court remanded and directed entry of summary

2

judgment for the municipality. *Id.* at 1310 (citing *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986))).

However, in *Bass v. Pottawatomie Cnty. Pub. Safety Ctr.*, 425 F. App'x 713 (10th Cir. 2011), the court held that a jury may find (1) a constitutional violation by a police officer, (2) that this same officer is not liable because of the defense of qualified immunity, and yet (3) the police officer's employing municipality may be liable for a *Monell* claim. One case like this might be viewed as an aberration that should be ignored. But, in *Starkey ex rel. A.B. v. Boulder County Social Services*, 569 F.3d 1244 (10th Cir. 2009), the court noted that an officer might be found to have violated the plaintiff's constitutional rights, yet those rights were not clearly established at the time of the violation so that the violation is excused under the doctrine of qualified immunity, and the municipality can still be held liable. *Id.* at 1262-63 & n.4 ("We recognize that judgment in favor of the individual Defendants in their personal capacities would not necessarily bar a claim against [the governmental entity]."). There, it was made clear that, at the very least, municipal liability requires the plaintiffs' rights to have been violated in the first instance, even though qualified immunity might save the individually sued officer from personal responsibility.

I believe the analysis in *Green* simply did not go deep enough and consider that a finding of qualified immunity does not bar a municipal liability claim. As long as the Plaintiffs here establish a constitutional violation by Defendant Alcon, regardless of his defense of qualified immunity, they are not barred from a municipal liability claim. Ultimately, this conclusion supports Defendants' motion to bifurcate, because a finding of no constitutional violation at all by Alcon would result in dismissal of any *Monell* claims. *Biehl v. Salina Police Dep't*, 256 F. App'x 212, 214-15 (10th Cir. 2007) ("Thus, where a finding of qualified immunity is based on a conclusion that

3

the officer in question has not committed a constitutional violation, such a finding precludes the imposition of municipal liability.").

Turning to considerations of convenience and economy, the Tenth Circuit stated that separation of claims or issues is appropriate "'where experience has demonstrated its worth.'" *Angelo*, 11 F.3d at 964 (citation omitted). As noted in Defendants' motion, Rule 42(b) has been used not infrequently in Section 1983 cases. As both a judicial officer and trial lawyer, I have been associated with many individual/governmental constitutional cases, and it is my experience that discovery against the sovereign overwhelms the case and results in a multitude of discovery disputes. In the Amended Complaint in this case, the recitation of the facts underlying the particular incident in question encompasses twenty paragraphs, while the municipal liability allegation encompasses eighteen paragraphs, so roughly the same. But the municipal allegations discuss at least seven separate, additional instances of constitutional violations, along with references to the existence of many others. Trial of the municipal case at the same time as the underlying constitutional violation will inevitably result in numerous mini-trials. *See Schneider v. City &Cnty. of Denver*, 47 F. App'x 517, 529 (10th Cir. 2002). While it is true that bifurcation would result in two separate discovery periods and trials, it is also my experience that a finding of individual liability would likely result in settlement of the case as a whole;[1] on the other hand, as noted above, a finding of no constitutional violation at all would result in conclusion of the case. This factor favors separate trials.

---

[1] I note that the Plaintiffs raised the issue of settlement several times in their Response, arguing that bifurcation will reduce their ability to leverage "an appropriate or fair settlement with the Defendants," Response at 2, and that bifurcation will have a bearing, direct and indirect, "on settlement considerations of both parties." *Id.* at 6.

As for the factor of separability, it is certainly the case that the issue of Defendant Alcon's actions that day and the history of the Montezuma County Sheriff's Department are distinct, even accepting Plaintiffs' allegation that Alcon's actions were a direct result of the Department's policies. The Tenth Circuit stated that although the same witnesses may testify in both phases, the primary consideration is whether the issues and testimony are different. Here, the only witnesses at the initial constitutional violation phase would be the Plaintiffs, Defendant Alcon, any witnesses who are relevant to Plaintiffs' damages, and any government officials involved with the incident after the initial confrontation. There may be one or two experts the parties may utilize as well. In the municipal liability phase, numerous other persons who had negative experiences with the Department, and numerous Department supervisors and officers will be required to testify, along with additional experts. I can envision a two-day trial on the individual constitutional claims versus a two-week trial if all claims are tried simultaneously. This factor favors separate trials.

Concerning fairness to the parties, I completely understand the desire to try the municipal liability claim with the individual constitutional claim. Plaintiffs state that bifurcation will reduce their settlement leverage. Whether settlement would be facilitated by an order directing separate trials under Rule 42(b) is a valid consideration for the court. *E.g.*, *Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013). I believe I am attuned to this issue, having conducted 1000 settlement conferences as a judicial officer. It is my experience that in a case such as this, municipal liability claims are not settled but are litigated through any necessary appeal to the circuit court. While it is true that the existence of a pending municipal liability claim provides leverage for settlement, bifurcation would not eliminate such a claim but rather keep it in place. Throughout the individual liability phase of this case, Plaintiffs

would maintain their supposed leverage. Only if it is determined that there was no underlying constitutional violation would the municipal liability claim go away. At the very least, I see this as a neutral factor concerning bifurcation.

Finally, Plaintiffs argue that they "will be denied access to discovery of potentially relevant information that could in fact be applicable to their individual liability claims." Response at 6. I am cognizant of such a concern and will remain vigilant to permit Plaintiffs the broad scope of discovery that I apply in every case. I will be sensitive to any refusal to provide relevant discovery that Plaintiffs believe is occasioned by my Order on Defendants' motion to bifurcate.

Thus, after consideration of all the issues peculiar to this lawsuit, and not intending to state a general rule concerning Section 1983 municipal liability cases, I will grant Defendants' motion.

## CONCLUSION

Accordingly, Defendants' Motion for Separate Trials (Bifurcation) of Individual and *Monell* Claims and Defendants' Motion for Partial Stay of Discovery [filed February 26, 2015; docket #19] is **granted**. In accordance with this Order, discovery pertaining solely to the *Monell* claims is temporarily stayed. Regarding the individual claims, the Court will hold a Scheduling Conference on **May 29, 2015 at 10:30 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

Dated and ordered in Denver, Colorado, this 12th day of May, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge