IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00101-MEH

JONATHAN BOYD, and
JAMI LARSON,

      Plaintiffs,

v.

MONTEZUMA COUNTY SHERIFF'S OFFICE,
DENNIS SPRUELL, in his individual and official capacities as Sheriff of Montezuma County,
ADAM ALCON, in his individual and official capacities,

      Defendants.

## ORDER ON MOTION FOR CLARIFICATION

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendants' Motion for Clarification [filed June 22, 2015; docket #37]. In my Order sought to be clarified (*see* docket #31), I bifurcated the individual and *Monell* claims. In their motion underlying that Order, Defendants did not seek the individual capacity claim against Dennis Spruell in their requested relief and, accordingly, that theory of liability was not included in the bifurcated *Monell* claims. In their Motion for Clarification, Defendants now request that I bifurcate that claim as well, asserting that the purpose of the original Motion would be defeated if discovery and trial were permitted to proceed on the claim against Spruell, who was the County Sheriff, had no direct involvement with the alleged underlying constitutional violation, and is liable only to the extent of his instigation of a policy that caused a deprivation of Plaintiffs' rights or his knowledge of and acquiescence in the constitutional violation. Obviously, proving the latter would require the type of discovery into policies and practices that my original Order intended to postpone.

      Plaintiffs' Response is well taken. They ask that the Spruell individual liability claim be permitted to proceed. They correctly argue that the Motion for Clarification seeks new relief. Yet

despite this, I think it is in the interests of justice, which include Plaintiffs' interests, that I grant the Motion. My primary reason for doing so is to protect the integrity of Plaintiffs' claim against Spruell. I must necessarily limit practice and policy discovery in light of my original Order, and that is proper. But in so doing, I am also concerned about tying Plaintiffs' hands in achieving full and piercing discovery for that claim. I believe I run a risk of legal error if I try to parse and tailor discovery to accomplish the purpose of bifurcation yet do not bifurcate the supervisory liability claim against Spruell. That would create the likelihood of meandering discovery rulings and require just as much work on my and the parties' parts as if the case were not bifurcated.

This being said, I do believe that the complete history of Spruell's **direct** involvement with Defendant Alcon is discoverable for the individual liability phase. In so stating, I do not make any rulings on admissibility but only discoverability. Although this may necessitate the parties seeking occasional guidance on the permissible scope of discovery, I believe it is an appropriate component of proper discovery.

Accordingly, Defendants' Motion for Clarification  [filed June 22, 2015; docket #37] is **granted**. In accordance with this Order, the individual capacity claim against Defendant Spruell is bifurcated and will be included in the second phase of this case in the event Plaintiffs prevail in the first phase.

Dated and ordered in Denver, Colorado, this 22nd day of July, 2015.

                                            BY THE COURT:

                                            */s/ Michael E. Hegarty*

                                            Michael E. Hegarty
                                            United States Magistrate Judge